UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THOMAS FULLER,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTINE APARTMENTS LLC;<br><br>DIMENSION PROPERTIES INC; DESTA<br><br>SPRINGER; JOHN AND JANES DOES 1-<br><br>10,<br><br>Defendant. | Case No. 3:25-cv-05823-TMC<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO AMEND COMPLAINT OR COMPLAINT WILL BE DISMISSED UNDER 28 U.S.C. § 1915(E)(2)(B) |

## I.   INTRODUCTION

Before the Court is pro se Plaintiff Thomas Fuller's motion for temporary restraining order against Defendants Christine Apartments LLC, Dimension Properties Inc., Desta Springer, and John and Jane Does 1-10. Dkt. 2. The Court has reviewed Mr. Fuller's motion for temporary restraining order, proposed complaint, and attached exhibits. Because the Court likely does not have jurisdiction over this case, the motion for temporary restraining order (Dkt. 2) is DENIED. The Court also concludes that the proposed complaint does not sufficiently allege federal claims

that would give the Court jurisdiction over this case. *See* 28 U.S.C. § 1331. Accordingly, Mr. Fuller is directed to file a proposed amended complaint no later than October 1, 2025.

## II.   BACKGROUND

On September 16, 2025, Mr. Fuller filed a proposed complaint along with a motion for temporary restraining order against Defendants. Dkt. 1; Dkt. 2. Mr. Fuller is a 63-year-old tenant at the Christine Apartments in Tacoma, Washington. Dkt. 1 at 1. In his complaint, Mr. Fuller alleges that he made full rent payments from March through July 2024, but Defendants submitted fraudulent ledgers and are unlawfully pursuing an eviction action against him in Pierce County Superior Court. Dkt. 1 at 1; *see* Dkt. 2 at 4.

Based on these allegations, Mr. Fuller's complaint[1] asserts claims under 42 U.S.C. § 1985 and § 1983 as well as the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 et seq. Dkt. 2 at 4. He also asserts a state law claim of abuse of vulnerable adult under RCW 74.34. *Id.* Mr. Fuller requests that the Court "[e]nter a Consent Decree requiring transparent ledgers . . . protections, monitoring, and anti-retaliation measures." Dkt. 1 at 1. Mr. Fuller further asks the Court to (1) vacate fraudulent judgments or writs; (2) stay eviction proceedings pending resolution; (3) order restitution of $1,067 in addition to compensatory damages; (4) award attorney's fees; and (5) grant any further equitable relief. *Id.*

According to Mr. Fuller's motion, a hearing on the writ of restitution was scheduled for September 16, 2025 at 1:00 PM in state court—the same day that Mr. Fuller filed his motion for temporary restraining order. *Id.* at 3; *see* Dkt. 2. In his motion, Mr. Fuller seeks to enjoin the

---

[1] Mr. Fuller attached to his proposed complaint, an "Emergency Motion to Extend In Forma Pauperis Status." Dkt. 1-3 at 3. Mr. Fuller requests that the Court extend to this case his previously granted *in forma pauperis* ("IFP") status in *Fuller v. Pierce Conservation District*, No. 3:25-cv-05710-BHS. *Id.* On September 16, 2025, the Office of the Clerk issued a Notice of Filing Deficiency, explaining that Mr. Fuller must pay the $405 filing fee or submit a new IFP application by October 16, 2025. Dkt. 4 at 1.

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO AMEND COMPLAINT OR COMPLAINT WILL BE DISMISSED UNDER 28 U.S.C. § 1915(E)(2)(B) - 2

enforcement of a possible writ of restitution and asks the Court to order Defendants to "refrain from eviction, lockout, or interference with Plaintiff's tenancy pending further order of this Court." Dkt. 2 at 4.

### III.  DISCUSSION

#### A.  Review of Complaint

The Court must subject each civil action commenced under 28 U.S.C. § 1915(a) to mandatory screening and order the dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to dismiss an IFP complaint that fails to state a claim).

A *pro se* plaintiff's complaint is to be construed liberally, but, like any other complaint, it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Unless it is clear a pro se plaintiff cannot cure the deficiencies of a complaint, the Court will provide the plaintiff with an opportunity to amend the complaint to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

Mr. Fuller's complaint alleges that "Defendants engaged in a pattern of fraudulent financial practices, suppression of payments, and retaliatory eviction, violating Plaintiff's constitutional and statutory rights." Dkt. 1 at 1. In support of his claim, Mr. Fuller only alleges that he "made full rent payments March through July 2024, supported by receipts and a certified check," but despite these payments, "Defendants submitted fraudulent ledgers and pursued eviction." *Id.* Though the Court liberally construes the complaint, Mr. Fuller must still provide sufficient details about the eviction process that plausibly suggest that Defendants engaged in discriminatory conduct prohibited by the FHA. *See Ashcroft*, 556 U.S. at 678.

To establish a prima facie case for retaliation under the FHA, the plaintiff must show that "(1) he engaged in a protected activity; (2) the defendant subjected him to an adverse action; and (3) a causal link exists between the protected activity and the adverse action." *Walker v. City of Lakewood*, 272 F.3d 1114, 1128 (9th Cir. 2001). A plaintiff may also bring a discrimination claim under a disparate treatment or disparate impact theory. *Harris v. Itzhaki*, 183 F.3d 1043, 1051 (9th Cir. 1999). A disparate treatment claim requires that the plaintiff show "(1) [his] rights are protected under the FHA; and (2) as a result of the defendant's discriminatory conduct, [he] has suffered a distinct and palpable injury." *Id.* Under a disparate impact theory, the plaintiff must show "(1) the occurrence of certain outwardly neutral practices, and (2) a significantly adverse or disproportionate impact on persons of a particular type produced by the defendant's facially neutral acts or practices." *Gamble v. City of Escondido*, 104 F.3d 300, 306 (9th Cir. 1997).

Though Mr. Fuller has alleged that Defendants were fraudulently calculating his rent payments, that alone is insufficient to satisfy the first element of any claim for relief under the FHA. *See Walker*, 272 F.3d at 1128; *Harris*, 183 F.3d at 1051; *Gamble*, 104 F.3d at 306. At minimum, Mr. Fuller needs to explain how he belongs to a protected class, i.e. "race, color,

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO AMEND COMPLAINT OR COMPLAINT WILL BE DISMISSED UNDER 28 U.S.C. § 1915(E)(2)(B) - 4

religion, sex, familial status, or national origin." 42 U.S.C. § 3604; *see Slaughter v. Valley View I LLP*, No. C23-1360JLR, 2023 WL 6461058, at *3 (W.D. Wash. Oct. 4, 2023) (dismissing FHA discrimination claim because plaintiff "neither alleges intentional discrimination based on her membership in a protected class, nor does she describe any neutral policy that adversely and disproportionately affected her based on her membership in a protected class").

Moreover, Mr. Fuller does not allege any facts that support a claim under Section 1985 or Section 1983. *See generally* Dkt. 1. His remaining claim (abuse of vulnerable adults) is a state law claim. *See* Dkt. 1 at 1. Since the complaint does not identify a basis for the Court to exercise subject matter jurisdiction over the state law claims, the complaint must be dismissed unless Mr. Fuller sufficiently pleads a claim under federal law. 28 U.S.C § 1915(e)(2)(B)(iii); *Lopez*, 203 F.3d at 1126–27; *Corinthian Colleges*, 655 F.3d at 995.

**B.      Motion for Temporary Restraining Order**

A TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008); *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (the standard for a TRO is "substantially identical" to the standard for a preliminary injunction). TROs serve a limited purpose: "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. Of Teamsters and Auto Truck Drivers Loc. No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974).

A plaintiff seeking a TRO must show: (1) they are likely to succeed on the merits, (2) a likelihood of irreparable harm absent preliminary relief, (3) the balance of equities favors injunction, and (4) the relief sought is in the public interest. *Winter*, 555 U.S. at 20; *Stuhlbarg*, 240 F.3d at 839 n.7. The movant must make a showing on each element of the *Winter* test. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). But "where the 'balance of

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO AMEND COMPLAINT OR COMPLAINT WILL BE DISMISSED UNDER 28 U.S.C. § 1915(E)(2)(B) - 5

hardships . . . tips sharply towards the plaintiff,' a plaintiff need only show 'serious questions going to the merits,' rather than likelihood of success on the merits[.]" *Roman v. Wolf*, 977 F.3d 935, 941 (9th Cir. 2020) (quoting *All. for the Wild Rockies*, 632 F.3d at 1135).

Additional requirements are imposed on TROs that are granted "ex parte," or without notice to the other party. Under Federal Rule of Civil Procedure 65(b), a TRO may be granted without notice to the adverse party if it appears from specific facts shown by affidavit or by a verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant. *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006).

Here, Mr. Fuller is not entitled to a TRO because he has not shown that the Court has subject matter jurisdiction over his claims. Under the doctrine set forth in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) (the "*Rooker-Feldman* doctrine"), federal district courts, as courts of original jurisdiction, lack subject matter jurisdiction to review errors allegedly committed by state courts. *Rooker*, 263 U.S. at 416 ("The jurisdiction possessed by the District Courts is strictly original."); *Feldman*, 460 U.S. at 482 ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings.").

The *Rooker-Feldman* doctrine precludes federal district courts from hearing direct or de facto appeals of the judgments of state courts. *Fowler v. Guerin*, 899 F.3d 1112, 1119 (9th Cir. 2018); *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012) ("The doctrine bars a district court from exercising jurisdiction not only over an action explicitly styled as a direct appeal, but also over the 'de facto equivalent' of such an appeal."). "It is a forbidden de facto appeal under *Rooker-Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." *Cooper*, 704 F.3d at 777 (quoting *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003)).

To the extent that Mr. Fuller is challenging a writ of restitution issued by the state court on the basis that the state court committed legal error, that claim is barred by the *Rooker-Feldman* doctrine. *See Nop v. Tacoma Hous. Auth.*, No. 3:25-CV-05596-DGE, 2025 WL 1907429, at *2 (W.D. Wash. July 10, 2025) (federal district court is precluded by the *Rooker-Feldman* doctrine from considering the plaintiff's claims challenging the state court's issuance of a writ of restitution). And to the extent that Mr. Fuller is raising independent claims under the FHA or Section 1983 and 1985, he has not alleged a plausible claim for relief. *See supra,* Sec. III.A. Because Mr. Fuller has not alleged sufficient facts to establish this Court's jurisdiction or state a plausible federal claim, he cannot show that he is likely to succeed on the merits. The motion for temporary restraining order is therefore denied.

### IV.   CONCLUSION

For the reasons explained above, the motion for temporary restraining order (Dkt. 2) is DENIED. If Mr. Fuller wants to continue pursuing this case, he must file a proposed amended complaint no later than October 1, 2025. The amended complaint must include a short, plain statement explaining (1) the grounds for the Court's jurisdiction, (2) the claims asserted against Defendants, (3) specific facts that Mr. Fuller believes support each claim, and (4) the relief requested. Otherwise, the Court will dismiss his complaint without prejudice.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 17th day of September, 2025.

Tiffany M. Cartwright
United States District Judge