UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THOMAS FULLER,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTINE APARTMENTS LLC;<br><br>DIMENSION PROPERTIES INC; DESTA<br><br>SPRINGER; JOHN AND JANES DOES 1-<br><br>10,<br><br>Defendants. | Case No. 3:25-cv-05823-TMC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND TO PROCEED IN FORMA PAUPERIS |

Before the Court are two motions: Plaintiff Thomas Fuller's motion for leave to file a first amended complaint, Dkt. 13, and Mr. Fuller's motion to proceed *in forma pauperis*, Dkt. 14. Plaintiff's initial complaint did not "sufficiently plead[] a claim under federal law," nor did it "identify a basis for the Court to exercise subject matter jurisdiction over the state law claims." Dkt. 5 at 4–5. As a result, the Court gave Plaintiff leave to file a proposed amended complaint that established "(1) the grounds for the Court's jurisdiction, (2) the claims asserted against Defendants, (3) specific facts that Mr. Fuller believes support each claim, and (4) the relief requested." *Id.* at 7. "Otherwise, the Court [would] dismiss his complaint without prejudice." *Id.*

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND TO PROCEED IN FORMA PAUPERIS - 1

Plaintiff filed a proposed amended complaint, Dkt. 6, and the Court dismissed Plaintiff's claims without prejudice because Plaintiff had "not fixed the deficiencies in his proposed amended complaint," Dkt. 11. For the reasons below, Plaintiff's motions to file an amended complaint and to proceed *in forma pauperis* are DENIED.

"Dismissal of a case without prejudice preserves a plaintiff's right to refile his claim." *Cohan v. Lombardo*, No. 2:17-CV-01651-JCM-NJK, 2024 WL 4374043, at *1 (D. Nev. Oct. 2, 2024) (citing *Com. Space Mgmt. Co., Inc. v. Boeing Co., Inc.*, 193 F.3d 1074, 1077 (9th Cir. 1999)). "However, after a case has been dismissed without prejudice, a plaintiff must file his complaint in a new case and not refile it in the dismissed case." *Id.* (first citing *Frost v. Nat'l Sec. Agency*, 2018 WL 6822632, *2 (N.D. Cal. 2018); then citing *Stine v. Wiley*, 2010 WL 3516634, *1 (D. Colo. 2010)).

Mr. Fuller may pursue the new claims he has identified, but he must do so by filing his complaint and his IFP motion in a new case, because this case has been closed. The motions filed at Dkt. 13 and 14 are therefore DENIED.

The Clerk is respectfully requested to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 23rd day of October, 2025.

Tiffany M. Cartwright
United States District Judge